UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

TINA W.,

     Plaintiff,

v.

No. 5:20-CV-002-H-BQ

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND
## RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The plaintiff filed this appeal of the Commissioner of Social Security's denial of her

application for supplemental security income. Dkt. No. 1. United States Magistrate Judge

D. Gordon Bryant made Findings, Conclusions, and a Recommendation (FCR) in this case.

*See* Dkt. No. 21. Judge Bryant recommended that the Court affirm the Commissioner of

Social Security's denial and dismiss the plaintiff's complaint with prejudice. *Id.* at 21. The

plaintiff filed objections to this FCR. Dkt. No. 22. In particular, the plaintiff objected to

Judge Bryant's findings that Dr. McTague did not provide a medical opinion that had to be

weighed, that any error in failing to weigh Dr. McTague's opinion was harmless, and that

the Administrative Law Judge's (ALJ) physical Residual Functional Capacity (RFC)

determination was supported by substantial evidence. *Id.* at 1, 7.

Because the plaintiff does not point to any statements from Dr. McTague that not

only diagnose the plaintiff but also describe what the she can do despite her impairments,

the Court overrules the plaintiff's objection to Judge Bryant's finding that Dr. McTague did

not provide a medical opinion. Additionally, because the plaintiff has not shown that the

ALJ's failure to weigh Dr. McTague's medical assessment would cast into doubt the existence of substantial evidence to support the mental RFC decision or that the ALJ would have reached a different conclusion if she weighed the assessment, the Court finds that if the ALJ erred by failing to weigh the assessment, such error was harmless. Moreover, the Court finds that substantial evidence supports the physical RFC determination because there is substantial evidence to support both the ALJ's assignment of minimal weight to the report of PA Lewis and the handling limitations that the ALJ included in her physical RFC determination. Finally, the Court finds no plain error in the in the unobjected-to portions of Judge Bryant's FCR. Therefore, the Court accepts the findings, conclusions, and recommendation of the United States Magistrate Judge.

## 1.   Factual and Procedural Background

Plaintiff claims that she became disabled due to various health issues. Dkt. No. 15-1 at 14–17. As a result, the plaintiff filed an application for supplemental-security-income benefits. *Id.* at 11. The Social Security Administration denied the claim initially and upon reconsideration. *Id.* After these denials, the plaintiff filed a written request for a hearing. *Id.* The plaintiff, represented by counsel, appeared and testified at a hearing before an ALJ. *Id.* And after the hearing, the ALJ determined that the plaintiff was not disabled. *Id.* at 24.

To reach her determination, the ALJ conducted the five-step sequential evaluation applicable in social-security-disability cases. *See id.* at 11–24; *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007) ("In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant

2

from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. If, at any step, the claimant is determined to be disabled or not disabled, the inquiry is terminated."). The ALJ found at step one that the plaintiff's part-time employment did not qualify as "substantial gainful activity" and at step two that the plaintiff has medically determinable impairments including anxiety disorder, depression disorder, and post-carpal-tunnel release. *Id.* at 13–14. At step three, the ALJ found that the plaintiff did not have an impairment or combination of impairments that are listed in, or equal in severity to, an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 18. At step four, the ALJ found that the claimant had an RFC to perform "less than the full range of medium work . . . except frequent upper right extremity handling," that the work must be limited to simple, routine, and repetitive tasks, and that the claimant can have occasional interaction with coworkers, supervisors, and the public. *Id.* at 19. Finally, at step five, the ALJ found that even though the plaintiff could not perform any past relevant work, she is capable of performing work in the national economy. *Id.* at 23–24. Because the ALJ did not find for the plaintiff at steps three and five, the ALJ found that the plaintiff was not disabled. *See id.* at 24.

After the ALJ issued her decision, the plaintiff requested review from the Social Security Appeals Council. *See id.* at 1. The Appeals Council denied the plaintiff's request for review. *Id.* As a result, the plaintiff appealed to this Court for review of the decision denying her application for supplemental-security-income benefits. Dkt. No. 1.

After the Commissioner of Social Security filed an answer, Dkt. No. 13, and the administrative record was filed, Dkt. No. 15, the plaintiff filed her brief arguing for the Court to remand this matter for further administrative proceedings, including a de novo

hearing and a new decision. Dkt. No. 18 at 21. The Commissioner of Social Security filed

a response arguing for the Court to affirm the administrative decision and dismiss the

plaintiff's complaint. Dkt. No. 19 at 9. The plaintiff then filed a reply brief. Dkt. No. 20.

After the completion of this briefing, Magistrate Judge Bryant issued his FCR

recommending that the Court affirm the administrative decision and dismiss the plaintiff's

complaint with prejudice. Dkt. No. 21. The plaintiff filed timely objections to Judge

Bryant's FCR. Dkt. No. 22.

## 2.    Legal Standard

"Within 14 days after being served with a copy of the recommended disposition, a

party may serve and file specific written objections to the proposed findings and

recommendations[]" of a magistrate judge. Fed. R. Civ. P. 72(b)(2); *see* 28 U.S.C.

§ 636(b)(1). "The district judge must determine de novo any part of the magistrate judge's

disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C.

§ 636(b)(1). In contrast, the district judge reviews any unobjected-to proposed findings,

conclusions, and recommendations for plain error. *Portwood v. Schneider & McKinney P.C.*,

No. 3:20-CV-03344-X, 2020 WL 7056302, at *1 (N.D. Tex. Dec. 2, 2020).

## 3.    Analysis

### A.    The Court overrules the plaintiff's objection to Judge Bryant's recommendation that Dr. McTague did not provide a medical opinion.

None of the statements that the plaintiff highlights from Dr. McTague's medical

assessment are medical opinions. ALJs in social-security cases must consider and weigh

medial opinions when making a decision. *See Kneeland v. Berryhill*, 850 F.3d 749, 759 (5th

Cir. 2017). "Medical opinions are statements from physicians and psychologists or other

acceptable medical sources that reflect judgments about the nature and severity of [an

4

individual's] impairment(s), including [the individual's] symptoms, diagnosis and prognosis, what [the individual] can still do despite impairment(s), and [the individual's] physical or mental restrictions." *Id.* Therefore, a medical assessment that provides diagnoses and observations but does not opine on what the individual can do despite her impairments is not a medical opinion. *Winston v. Berryhill*, 755 F. App'x 395, 402 (5th Cir. 2018).

To support her argument that Dr. McTague's assessment was a medical opinion, the plaintiff refers to three statements from the assessment: (1) "[a] low stress part-time job as an office worker may be appropriate"; (2) "[a] job coach might be helpful to her"; and (3) "a low stress and supportive work environment is needed." Judge Bryant analyzed these statements and recommended that the Court find that none of them are medical opinions. Dkt. No. 21 at 6–11. The plaintiff objected on the basis that each of these statements are medical opinions. Dkt. No. 22 at 2.

The Court overrules the plaintiff's objection to Judge Bryant's opinion that the first statement is not a medical opinion. First, the plaintiff objects to Judge Bryant's conclusion that the ALJ need not weigh conclusory statements in a medical assessment. Specifically, the plaintiff objects to Judge Bryant's application of *Gachter v. Colvin*, No. 4:13-CV-168-Y, 2014 WL 2526887, at *4 (N.D. Tex. June 4, 2014), arguing that *Gachter* does not apply because Dr. McTague's statement that a "low stress part-time job as an office worker may be appropriate" is not a conclusory statement that the claimant is disabled. Dkt. No. 22 at 2. But the plaintiff disregards *Gatcher*'s conclusion that an ALJ can disregard any physician "statements that are brief and conclusory." *Gachter*, 2014 WL 2526887, at *4. Additionally, the plaintiff argues that the Magistrate Judge's conclusion that Dr. McTague's first statement is conclusory is clearly flawed because it puts form over substance. Dkt. No. 22 at

5

3. The plaintiff does not provide any authority for this argument and fails to show that the statement in fact is not conclusory. Therefore, the Court overrules the plaintiff's objections to Judge Bryant's opinion that the first statement is not a medical opinion and, for the reasons stated in Judge Bryant's FCR, finds that the first statement is not a medical opinion.[1]

The Court also overrules the plaintiff's objection to Judge Bryant's conclusion that the second statement is not a medical opinion. The plaintiff argues that the cases cited by Judge Bryant do not support his conclusion. Dkt. No. 22 at 3. But the plaintiff mischaracterizes these cases. First, the plaintiff argues that *Beard v. Commissioner of Social Security*, No. 8:17-CV-2940-T-PDB, 2019 WL 1417466, at *3 (M.D. Fla. Mar. 29, 2019), concluded that the ALJ did not need to weigh a medical statement because the statement concurred with other weighed medical statements. Dkt. No. 22 at 3. But *Beard* actually concluded that the ALJ did not need to weigh a medical statement that the disabled individual should consider part-time employment with a job coach "because the opinion [was] . . . a statement on a matter reserved to the Commissioner and therefore was not a medical opinion. 2019 WL 1417466, at *3.

With respect to *Stevens v. Commissioner of Social Security*, No. 2:14-CV-2186, 2016 WL 1156518, at *3 (S.D. Ohio Mar. 24, 2016), the plaintiff correctly notes that the court found

---

[1] Even if the Court sustained the plaintiff's objections to the first statement, it would still conclude that the first statement is not a medical opinion. In his FCR, Judge Bryant concluded that this statement was not a medical opinion on two bases: (1) it is conclusory, and (2) it addresses the environment that would optimize the plaintiff's work possibilities instead of the environment required by the disabilities. Dkt. No. 21 at 8–9. The plaintiff did not object to the second basis for finding that the statement is not a medical opinion. *See* Dkt. No. 22 at 2–3. Therefore, because the Court finds no plain error in this second basis for finding that the first statement is not a medical opinion, the Court adopts Judge Bryant's recommendation that the first statement is not a medical opinion because it addresses an optimal work environment instead of the work environment required by the plaintiff's disabilities.

the medical statements to be "other source" evidence. Dkt. No. 22 at 4. But the plaintiff
disregards the court's conclusion that the statement that the plaintiff would need a support
system—such as a job coach—in the early days of employment was not a medical opinion
because it did not comment on functional limitations but, rather, commented on optimizing
integration back into the workforce. *Stevens*, 2016 WL 1156518, at *3.

Finally, the plaintiff attempts to distinguish *Oliver v. Colvin*, No. 8:13-CV-2614-TBM,
2015 WL 10791904, at *5 (M.D. Fla. Mar. 23, 2015), on the basis that in that case, in
contrast to this case, the ALJ weighed the medical assessment at issue. Dkt. No. 22 at 4.
But this distinction is irrelevant because *Oliver* concluded that a suggestion for a job coach
was not a medical opinion on an independent basis—that the assessment did not explain
how a job coach would assist the disabled individual in performance of work. *Oliver*, 2015
WL 10791904, at *5.

Additionally, the plaintiff attempts to apply the reasoning in *Chavez v. Saul*, No. CV
19-1208 CG, 2020 WL 5255274, at *6–7 (D.N.M. Sept. 3, 2020), to Dr. McTague's second
statement but fails to address Judge Bryant's conclusion that *Chavez* is distinguishable. Dkt.
No. 22 at 5. Judge Bryant distinguished *Chavez* because the medical assessment in that case
tied the need for a job coach to the requirements of the relevant disability. Dkt. No. 21 at 9
n.5. In contrast, Dr. McTague's second statement that a job coach might be helpful only
describes the environment that would optimize the plaintiff's work possibilities. *Id.* The
Court agrees with this distinction. Therefore, the Court overrules the plaintiff's objections
to Judge Bryant's opinion that the second statement is not a medical opinion and, for the
reasons stated in Judge Bryant's FCR, finds that the second statement is not a medical
opinion.

Finally, the Court overrules the plaintiff's objection to Judge Bryant's opinion that the third statement is not a medical opinion. The plaintiff argues that Judge Bryant's conclusion that the third statement is not a medical opinion violates the rules that require the ALJ to weigh medical opinions. Dkt. No. 22 at 5. In support of her argument, the plaintiff cites SSR 85–15, a Social Security policy statement. *Id.* The plaintiff provides no authority for the proposition that the Court must defer to this policy statement when deciding whether a medical assessment is a medical opinion, but even if the Court did defer to this policy statement, it would not support a finding that Dr. McTague's third statement was a medical opinion. SSR 85–15 explains that an ALJ must weigh medical opinions but does not address how to decide whether a medical assessment is a medical opinion. *See SSR 85–15: Titles II and XVI: Capability to do Other Work – The Medical-Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments*, Social Security: Disability Insurance, https://www.ssa.gov/OP_Home/rulings/di/02/SSR85-15-di-02.html (last visited Mar. 13, 2021). Therefore, the Court overrules the plaintiff's objections to Judge Bryant's opinion that the third statement is not a medical opinion and, for the reasons stated in Judge Bryant's FCR, finds that the third statement is not a medical opinion.

Because the Court concludes that none of the statements that the plaintiff points to from Dr. McTague's medical assessment are medical opinions, the Court concludes that Dr. McTague's assessment was not a medical opinion. Therefore, the Court adopts Judge Bryant's conclusion that Dr. McTague did not provide a medical opinion and that the ALJ's failure to assign Dr. McTague's assessment a specific weight provides no basis for reversing the Commissioner's decision.

**B.      Even if the ALJ erred by failing to assign Dr. McTague's assessment a particular weight, such error was harmless.**

The plaintiff has failed to meet her burden of showing that if the ALJ committed error by failing to weigh Dr. McTague's opinion, the error was not harmless. "Procedural perfection in administrative proceedings is not required as long as the substantial rights of a party have not been affected." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (internal quotations omitted). Therefore, a court "will not reverse the decision of an ALJ for failure to fully and fairly develop the record unless the claimant shows that he or she was prejudiced by the ALJ's failure." *Graves v. Colvin*, 837 F.3d 589, 592–93 (5th Cir. 2016). And "[t]he party seeking to overturn the Commissioner's decision has the burden to show that prejudice resulted from an error." *Jones v. Astrue*, 691 F.3d 730, 734–35 (5th Cir. 2012).

In the context of social security cases, a procedural error affects the substantial rights of a party "only if such improprieties would cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988); *see also Schofield v. Saul*, 950 F.3d 315, 322 (5th Cir. 2020); *Qualls v. Astrue*, 339 F. App'x 461, 464 (5th Cir. 2009); *Ware v. Colvin*, No. 11-CV-1133-P, 2013 WL 3829472, at *4 (N.D. Tex. July 24, 2013). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Ware*, 2013 WL 3829472, at *4 (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010)).

Here, the plaintiff has not shown that the ALJ's failure to weigh Dr. McTague's assessment casts into doubt the existence of substantial evidence to support the ALJ's mental RFC finding. In his FCR, Judge Bryant found that even if the ALJ erred by failing to weigh Dr. McTague's medical assessment, "any error in not doing so is harmless because substantial evidence otherwise supports her decision." Dkt. No. 21 at 13. The plaintiff does

not object to Judge Bryant's finding that there is substantial evidence to support the ALJ's mental RFC decision, *Id.* at 13–19. *See* Dkt. No. 22 at 6–7. Therefore, reviewing Judge Bryant's finding for plain error and finding none, the Court adopts Judge Bryant's finding that the ALJ's mental RFC decision is supported by substantial evidence and, therefore, that the ALJ's failure to weigh Dr. McTague's assessment does not cast into doubt the existence of substantial evidence to support the ALJ's decision.

The plaintiff instead objects to Judge Bryant's finding of no harmless error on the basis that there is a realistic possibility that the ALJ would have reached a different conclusion if she had weighed Dr. McTague's medical assessment, but the plaintiff has failed to show that such a realistic possibility exists. As Judge Bryant discussed in his FCR, the record indicates that the ALJ did in fact consider and tacitly reject Dr. McTague's assessment as to the plaintiff's possible employment. Dkt. No. 21 at 11–12.

Even though the ALJ did not specify the weight she afforded Dr. McTague's assessment, she did consider the assessment. Dkt. No. 15-1 at 21 ("The Administrative Law Judge considered all medical opinions . . . ."). The ALJ's decision shows that the ALJ implicitly determined that Dr. McTague's opinion was entitled to less weight than other opinions on the issue of the plaintiff's possible employment. *Id.* at 15 (summarizing Dr. McTague's assessment); *id.* at 20 (stating that in deciding the issue of the plaintiff's possible employment, the ALJ "considered opinion evidence"); *id.* at 21 (stating that the ALJ "considered all medical opinions" and "also considered the nature and length of the treating relationship, areas of specialty, findings supporting the opinions, and similar factors). The plaintiff has provided no evidence to rebut Judge Bryant's finding that the ALJ implicitly considered and tacitly rejected Dr. McTague's assessment as to the plaintiff's possible

employment. Therefore, the Court finds that the ALJ did implicitly consider and tacitly reject Dr. McTague's assessment as to the plaintiff's possible employment. Accordingly, the Court finds that the plaintiff has failed to show a realistic possibility that the ALJ would have reached a different result if she would have explicitly weighed Dr. McTague's assessment and, thus, overrules the plaintiff's objection to Judge Bryant's finding that the ALJ's failure to weigh the assessment, if error, was harmless.

In one case, the Fifth Circuit found that an ALJ's failure to weigh a medical opinion was not harmless error, but that case is distinguishable from this case. *Kneeland*, 850 F.3d at 761–62. In *Kneeland*, the ALJ did not weigh the opinion of an examining medical expert and, instead, gave great weight to the opinions of nonexamining medical experts.[2] *Id.* at 761. Because the reports of physicians who do not examine a claimant, taken alone, are not substantial evidence on which an ALJ can base her administrative decision, the Fifth Circuit held that the ALJ's decision failed to comport with the proper legal standards and was not supported by substantial evidence. *Id.* at 761. Therefore, the Fifth Circuit found that because the weight assigned to the unweighed medical opinion could change the ALJ's decision, the ALJ's failure to address the medical opinion was not harmless. *Id.* at 761–62.

Unlike in *Kneeland*, as discussed previously, there is substantial evidence to support the ALJ's mental RFC decision in this case, and the Court finds that the failure to weigh Dr. McTague's assessment does not cast into doubt the substantial evidence to support the ALJ's decision. Additionally, in contrast to *Kneeland*, the ALJ in this case did not rely on

---

[2] In social-security proceedings, ALJs should give more weight to examining sources than nonexamining sources. 20 C.F.R. § 404.1527(c)(1) ("Generally, we give more weight to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you.").

only nonexamining experts to reach her conclusion. Dkt. No. 15-1 at 22. Instead, the ALJ relied on the opinions of at least one treating expert—Arun Pate, M.D.—and one examining expert—Rickeal Preston, MS LBP. *Id.* Given these factual distinctions, the Court finds that *Kneeland* does not govern this case and is distinguishable. Therefore, the Court finds that even if the ALJ erred by failing to weigh Dr. McTague's opinion, the error was harmless.

## C.   The ALJ's physical RFC determination is supported by substantial evidence.

There is substantial evidence to support the ALJ's decision to assign PA Lewis's opinion minimal weight and to support the ALJ's physical RFC that provided for handling limitations. "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion and constitutes more than a mere scintilla but less than a preponderance of evidence." *Hardman v. Colvin*, 820 F.3d 142, 147 (5th Cir. 2016). "In applying the substantial evidence standard, [courts] scrutinize[] the record to determine whether such evidence is present[] but may not reweigh the evidence or substitute [their] judgment for the [ALJ's]." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). Therefore, a court cannot try the questions de novo or substitute their judgment for the ALJ's, even if the court believes the evidence weighs against the ALJ's decision. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

The plaintiff makes two arguments that the ALJ's physical RFC assessment is not supported by substantial evidence: (1) "the ALJ's rejection of PA[] Lewis'[s] opinion was not supported by substantial evidence where she failed to explain why [the] evidence did not support PA[] Lewis's opinion"; (2) "the ALJ crafted an RFC that provided for handling limitations that are entirely made up out of whole cloth." Dkt. No. 22 at 8, 10. Judge

12

Bryant reviewed the record and concluded that there was substantial evidence to support the ALJ's decision with respect to each of these issues. Dkt. No. 21 at 23–26. The plaintiff objects to Judge Bryant's substantial-evidence finding. Dkt. No. 22 at 8–11.

The Court overrules the plaintiff's objection that the ALJ's rejection of PA Lewis's opinion was not supported by substantial evidence. First, the Court notes that the ALJ did not "reject" PA Lewis's opinion; in fact, the ALJ stated that she "considered, but [gave] minimal weight to the opinion of Tara Lewis." Dkt. No. 15-1 at 21. Additionally, in her objection, the plaintiff reiterates her argument from her opening brief, Dkt. No. 18 at 18–19, that the ALJ's assertion that PA Lewis's opinion was not supported by the record is inconsistent with the evidence. Dkt. No. 22 at 8–9. This argument, which is verbatim from her opening brief and incorporates sections of her opening brief, fails to specifically address the evidence raised by Judge Bryant supporting the ALJ's decision to give PA Lewis's opinion minimal weight, Dkt. No. 21 at 23–24. Additionally, the plaintiff argues that the ALJ failed to explain how the plaintiff's ability to care for her home and pets evidenced that she could perform physical acts in a work environment. *Id.* But the Court need not address this argument because Judge Bryant did not rely on such evidence to conclude that substantial evidence supports giving PA Lewis's opinion minimal weight. Dkt. No. 21 at 23–24. Considering de novo the inconsistencies of PA Lewis's opinion with her own general observations and with other acceptable medical opinions in the record noted by Judge Bryant in his FCR, *id.*, the Court overrules the plaintiff's first objection to the ALJ's physical RFC assessment. Therefore, the Court finds that there is substantial evidence to support the ALJ's assignment of minimal weight to PA Lewis's opinion.

The Court likewise overrules the plaintiff's objection that the ALJ crafted an RFC

that provided for handling limitations that are entirely made up.  The plaintiff objects to

Judge Bryant's conclusion that the ALJ did not completely disregard PA Lewis's opinions

when making her decision and considered PA Lewis's opinions as evidence supporting the

handling limitations in the ALJ's physical RFC.  Dkt. No. 22 at 9–10.  The plaintiff claims

that Judge Bryant has filled gaps in the ALJ's analysis that the ALJ must fill.  *Id.*  This

assertion is incorrect.  In her decision, the ALJ stated that she "considered" and "gave

minimal weight to the opinion of Tara Lewis, PA-C."  Dkt. No. 15-1 at 21.  Additionally,

the ALJ stated that her physical RFC "assessment is supported by the [plaintiff's] medical

evidence of record when considered as a whole, including the objective evidence."  *Id.* at 22.

And the ALJ stated that she "gave due considerations to the objective medical evidence and

opinions . . . of record."  *Id.* at 22–23.  These statements show that the ALJ did consider PA

Lewis's opinions when crafting her physical RFC.  Therefore, Judge Bryant did not

substitute his own judgment for that of the ALJ when he concluded that the ALJ did not

completely disregard the opinions of PA Lewis and considered PA Lewis's opinions as

support for the handling limitations in the ALJ's physical RFC assessment.

Additionally, the plaintiff objects to Judge Bryant's conclusion that substantial

evidence supports the handling limitation in the physical RFC.  Dkt. No. 22 at 10.

Considering both PA Lewis's opinion and other evidence de novo—as explained in detail in

Judge Bryant's FCR, Dkt. No. 21 at 24–25, and which indicate that the plaintiff had

handling limitations—the Court finds that there is substantial evidence to support the

14

handling limitations.[3]  Also, the handling limitation in the physical RFC is consistent with other evidence in the record.  First, the state-agency medical consultant's physical assessment indicates that plaintiff could perform medium work and only medium extremity handling.  *See* Dkt. No. 15-1 at 66–67.  Additionally, the plaintiff testified at the ALJ hearing that she wore a brace on her right hand and that her thumb will go limp if she does not wear the brace.  *Id.* at 40–41.  The plaintiff also testified that she had problems with her right hand and, as a result, could not grasp or hang onto things.  *Id.* at 44–45.  Moreover, the plaintiff's medical records reflect that she suffered from carpal-tunnel syndrome in both hands.  *Id.* at 647–51.  And after the ALJ hearing, the plaintiff underwent carpal tunnel surgery on her right hand.  *Id.* at 685–89.  Considering all of this evidence, the Court overrules the plaintiff's objection and finds that there is substantial evidence to support the ALJ's handling limitation.

Having overruled the plaintiff's objections to Judge Bryant's finding that substantial evidence supports the ALJ's physical RFC determination, the Court adopts Judge Bryant's conclusion that the physical RFC determination was supported by substantial evidence.

### D.    The Court finds no plain error in the unobjected-to portions of Judge Bryant's FCR.

The Court has examined the record and reviewed the unobjected-to portions of the FCR for plain error.  Finding no plain error, the Court accepts and adopts these portions of the FCR.

---

[3] The plaintiff concedes that PA Lewis's opinion does support the handling limitations included in the ALJ's physical RFC.  Dkt. No. 22 at 10 ("In fact, nurse Lewis was the only provider in the record to functionally qualify Plaintiff's handling limitations.").

4.      **Conclusion**

The plaintiff filed objections to Judge Bryant's FCR recommending that the Court

affirm the Commissioner of Social Security's decision finding the plaintiff not disabled and

denying her application for supplemental security income. Dkt. No. 22.  In particular, the

plaintiff objected to Judge Bryant's findings that Dr. McTague did not provide a medical

opinion that had to be weighed, that any error in failing to weigh Dr. McTague's opinion

was harmless, and that the ALJ's physical RFC determination was supported by substantial

evidence. *Id.* at 1, 7.

The Court overrules the plaintiff's first objection and finds that Dr. McTague did not

provide a medical opinion because the plaintiff does not point to any statements from Dr.

McTague that not only diagnose the plaintiff but also describe what the plaintiff can do

despite her impairments.  Additionally, the Court overrules the plaintiff's second objection

and finds that if the ALJ committed error by failing to weigh Dr. McTague's opinion, such

error is harmless because the plaintiff has failed to meet her burden of showing that she was

prejudiced by the error.  Moreover, the Court overrules the plaintiff's third objection and

finds that substantial evidence supports the physical RFC determination because the

evidence in the record supports both the ALJ's assignment of minimal weight to the report

of PA Lewis and the handling limitations that the ALJ included in her physical RFC

determination.  Finally, the Court finds no plain error in the in the unobjected-to portions of

Judge Bryant's FCR.  Therefore, the Court accepts the findings, conclusions, and

recommendation of the United States Magistrate Judge.  Accordingly, the Court affirms the

decision of the Commissioner of Social Security and dismisses with prejudice the plaintiff'

complaint.

So ordered on March 24, 2021.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE

17